IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DONALD KELSO,

    Plaintiff,                    No. CIV S-05-2393 GEB GGH P

    vs.

MELVIN D. HUNTER, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1]

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, the defendants are located and the claim arose in San Luis Obispo

---

[1] Plaintiff does not appear to have filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, nor has he paid the filing fee.

1

1  County, which is in the Central District of California.  Therefore, plaintiff's claim should have
2  been filed in the United States District Court for the Central District of California.  In the interest
3  of justice, a federal court may transfer a complaint filed in the wrong district to the correct
4  district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
5  　　　　　Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
6  United States District Court for the Central District of California.
7  DATED: 1/12/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mp
kels2393.21a